# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 21, 2014

Rehearing No. 594

146234(53)

NACG LEASING f/k/a CELTIC
LEASING, LLC,
            Petitioner-Appellee,

v

DEPARTMENT OF TREASURY,
            Respondent-Appellant.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

SC: 146234
COA: 306773
Michigan Tax Tribunal:
00-338928

On order of the Court, the motion for rehearing is considered, and it is DENIED.

YOUNG, C.J. (*concurring*).

Petitioner has filed its motion for rehearing on the ground that this Court's opinion "rests upon a palpable error regarding the existence of a critical fact by which the Court clearly was misled." Motion, p 1. "[T]he Court's erroneous assumption of a fact not in evidence is fundamental to the Court's holding . . . ." *Id*. at 4.

And what was that "critical fact" the Court got so fundamentally wrong in its decision? Petitioner claims that this Court erred by "asserting" in its opinion that the parties executed the lease in Michigan because that fact is not supported by the record. Petitioner was quite adamant in this assertion of error and restated this claim no fewer than nine times in its motion for rehearing:

(1) "[T]here is no evidence whatever in the record that the lease was executed in Michigan." *Id*. at 1.

(2) "[T]he Court's decision is based solely upon a factual assumption having no basis in the record . . . ." *Id.*

(3) "[T]he record is entirely silent in this regard." *Id*. at 2.

(4) "**Nor does the lease itself contain any evidence of where it was executed**." *Id*. (emphasis added).

(5) "**There is no reference in either the introductory material or the body of the lease to indicate where it was executed**." *Id*. (emphasis added).

(6) "[E]vidence of the place of execution of the lease is totally lacking." *Id*.

(7) "[The fact of the place of execution] has zero support in the record . . . ." *Id*.

(8) "[T]he factual record in this case will not bear the burden of [the Court's] holding." *Id*. at 3-4.

(9) "It is clear beyond any question that the Court has committed a palpable error by basing its holding entirely on a fact that does not exist in the record." *Id*. at 4.

There is just one problem with this assertion and thus the basis for the entire motion for rehearing: petitioner's assertion of error is completely belied by page 102b of *petitioner's own appendix*. There, in the "Stipulated Facts and Exhibits" is the very lease at issue in this case. On the last page of that lease, just above the signatures, is the following statement:

> **In Witness Whereof the parties hereto have executed this Lease on April 19, 2005, *at Ypsilanti, Michigan***. [Exhibit 13 to Stipulated Statement of Facts, Petitioner's Appendix, p 102b (emphasis added).]

If one needed a textbook example of what constitutes a "frivolous" appellate paper, one need look no further than petitioner's motion for rehearing. Under our court rules, this Court may award sanctions for the filing of a frivolous motion. See MCR 7.316(D). However, in as much as three of petitioner's lawyers prepared and signed this motion and presumably charged petitioner for filing it, I believe that is sanction enough.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 21, 2014



Clerk